IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Edward Hackett, Jr., ) | Civil Action No. 8:14-2207-GRA-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| United States of America; ) | |
| Veterans Affairs; and ) | |
| Eric Shinseki, *Secretary of VA*, ) | |
| ) | |
| Defendants. ) | |

      Plaintiff is a resident of Greenwood, South Carolina. He has brought suit against the United States, the Department of Veterans, and the now-former Secretary of the Department of Veterans Affairs.

      The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of the denial of Plaintiff's requests for veterans benefits for retinitis pigmentosa, which Plaintiff alleges is a "service connected" impairment (doc. 1 at 3–4). Specifically, Plaintiff alleges:

    (1) the Veterans Affairs regional office in Columbia and the Veterans Affairs Board in Washington, D.C., denied his statutory and constitutional rights when they denied his claim for a service connection for his retinitis pigmentosa, which is a degenerative disease of the eye (doc. 1 at 3);

    (2) his rights were violated and medical malpractice occurred during a "C & P" rating exam in May of 1999 because the examiner was not an ophthalmologist (doc. 1 at 3–4);

    (3) Dr. T. Cantrell, Chief of Ophthalmology at the VA Medical Center in Bay Pines (Florida), committed fraud and medical malpractice when she attempted to deceive the VA

Board of Appeals by misinterpreting a study of the progression of retinitis pigmentosa after its onset and by concluding that the disease had to be present in Plaintiff upon his entry to the United States Army in 1974 (doc. 1 at 4);

(4) the VA Regional Office in Columbia, South Carolina refused to acknowledge that the "Board" separately vacated a decision it issued on appeal on April 20, 1999 (doc. 1 at 4); and

(5) the "Board" retracted his benefits from "March 10, 2010 to January 2 [illegible writing in original] 2nd not from March 10, 2010, to April 1994" (doc. 1 at 4).

In his prayer for relief, Plaintiff seeks fifty million dollars as the "total amount" for actual damages, punitive damages, pain and suffering, and violation of statutory and constitutional rights (doc. 1 at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Hence, the Department of Veterans Affairs is immune from suit because of sovereign immunity.

The above-captioned case is not maintainable as a *Bivens* action against the United States and the Department of Veterans Affairs. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982). A *Bivens* action may not be brought against agencies of the United States, such as the Department of Veterans Affairs. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies).

This Court does not have jurisdiction to consider the denial of Plaintiff's application for veterans benefits for retinitis pigmentosa. *See* 38 U.S.C. § 511. Under the Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) ("VJRA"), claims for benefits must first be processed administratively under 38 U.S.C. § 7101 through § 7112. Review of the final agency decision must be sought first in the United States Court of Appeals for Veterans' Claims and thereafter in the United States Court of Appeals for the Federal Circuit and the United States Supreme Court under 38 U.S.C. § 7291 and § 7292. There is no provision in either the Code of Federal Regulations or the United States Code giving this Court, a federal district court in the state of the veteran's residence, either original or appellate jurisdiction to review denials of disability ratings by local VA offices. As a result, to the extent that it seeks review or a change of the local VA's decision, Plaintiff's case filed in this Court is subject to summary dismissal due to lack of jurisdiction. *See Crosby v. United States*, C.A. No. 2:13-96-RMG, 2014 WL 101625, at *1 (D.S.C. Jan. 8, 2014) ("As the Magistrate Judge noted, the VJRA provides the exclusive means for review of veterans' benefits claims. *See* 38 U.S.C. §§ 511, 7104, 7251, 7252(a). The VJRA 'precludes [direct] judicial review in Article III courts of VA decisions affecting the

provision of veterans' benefits,' and '[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit.'").

Even if this case is treated as an action under the Federal Tort Claims Act with respect to Plaintiff's allegations of "medical malpractice," this case is still subject to summary dismissal. The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

Based upon the foregoing, the case should be summarily dismissed.

**Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (doc. 3) reveals that he receives disability or worker's compensation payments and has $51,000 in a savings or checking account. Grants or denials of motions to proceed *in forma pauperis* are left to the discretion of the federal district courts. *Dillard v. Liberty Loan Corp.,* 626 F.2d 363, 364 (4th Cir. 1980). A litigant is not required to show that he or she is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E. I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948).

Judges in the District of South Carolina have utilized a three-part test in evaluating motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of his or her "impecunity"?
>
> (2) Is his or her access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his or her last dollar, or render himself or herself destitute, to prosecute her claim?

*See Abbot v. Comm'r of Soc. Sec.*, C.A. No. 4:10-2253-JFA-TER, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010); and *Schoenfeld v. Donaghue*, C.A. No. 4:07-617-RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007). It does not appear that Plaintiff would be rendered destitute by paying the filing fee of $400 (including a $50 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts.

## Recommendation

Based upon the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (doc. 3) be denied. Plaintiff's attention is directed to the Notice on the next page.

June 10, 2014                                   Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).